## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

STEVEN MICHAEL
   NOPPENBERGER,
         Appellant,

      v.

UNITED STATES POSTAL SERVICE,
         Agency.

DOCKET NUMBER
PH-0752-11-0216-X-1

DATE: August 12, 2014

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Steven Michael Noppenberger</u>, Westminster, Maryland, pro se.

<u>Norma B. Hutcheson</u>, Esquire, Landover, Maryland, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1     The administrative judge issued a recommended decision that the Board find, under the Board's regulations in effect at that time, the agency in partial compliance with the June 21, 2011 initial decision, and referred the matter to the

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

Board for consideration.[2]  *See* 5 C.F.R. § 1201.183 (Jan. 1, 2012).  For the reasons discussed below, we find the agency in compliance and DISMISS the petition for enforcement.  This is the final decision of the Merit Systems Protection Board in this compliance proceeding. Title 5 of the Code of Federal Regulations, section 1201.183(c)(1) (5 C.F.R. § 1201.183(c)(1)).

## DISCUSSION OF ARGUMENTS AND EVIDENCE OF COMPLIANCE

¶2      On June 21, 2011, the administrative judge issued an initial decision ordering the agency to cancel the appellant's removal and pay him appropriate back pay, interest, and benefits.  *See* MSPB Docket No. PH-0752-11-0216-I-1, Initial Appeal File, Tab 28, Initial Decision (ID) at 1-2.  The initial decision became final on July 26, 2011, after neither party petitioned for review.  *See* ID.

¶3      On September 27, 2011, the appellant filed a petition for enforcement, and the administrative judge found the agency in partial compliance with the initial decision.   The administrative judge found that the agency had paid the appropriate amount of back pay, with interest.  MSPB Docket No. PH-0752-0216-C-1, Compliance File, Tab 14, Compliance Initial Decision (CID) at 6.  The administrative judge ordered the agency to process the appellant's election of thrift savings plan (TSP) coverage during the back pay period, including his 1% and appropriate matching contributions; "take all necessary steps" within its power to reactivate repayment of the loan he had taken from his TSP account prior to the canceled removal; and process his election of federal employee health benefits (FEHB) coverage, including dental and vision coverage, and correct any duplicate billing for premiums.  CID at 8.

¶4      On December 22, 2011, the agency submitted evidence that it had made the required 1% deposit and matching contributions to the appellant's TSP account.

[2] Except as otherwise noted in this decision, we have applied the Board's regulations that became effective November 13, 2012.  We note, however, that the petition for enforcement in this case was filed before that date.  The revisions to 5 C.F.R. § 1201.183 do not affect our consideration of the merits of this compliance proceeding.

Compliance Referral File (CRF), Tab 5 at 5, 12-13.  The agency also stated that it had restored the appellant's dental and vision insurance and had made appropriate deductions.  *Id.* at 6, 14-15.  Finally, the agency explained that the appellant had taken out a loan against his TSP account prior to his canceled removal and was required to repay it through biweekly TSP contribution deductions from his salary; but that he defaulted on the repayment when he was placed in non-pay status and failed to notify the Federal Retirement Thrift Investment Board (FRTIB) of his non-pay status.  *Id.* at 6.  The FRTIB therefore deemed his loan to be a taxable distribution, which carries certain penalties and does not permit the employee to repay the loan through salary deductions.  *Id.* at 6, 18.  The agency stated that it had no involvement in the appellant's attempts to reactivate repayment of his loan and that such attempts were exclusively between the appellant, the FRTIB, and the Internal Revenue Service.  *Id.* at 7.

¶5      On December 22, 2011, the appellant responded.[3]  He acknowledged that the agency had restored his dental and vision benefits but stated that BENEFEDS, which administers federal employee health benefits, informed him that his benefits had been activated as though he were a new employee, and therefore he might have a gap in coverage.  CRF, Tab 6 at 4.  He provided two letters from BENEFEDS that concerned premiums owed but that did not address his coverage.  *Id.* at 7-8.  The appellant agreed that the agency had probably deposited the required funds in his TSP account.  *Id.* at 4.  Finally, the appellant contended that the agency was not in compliance with respect to his TSP loan because upon his return to work in July 2011 (following the initial decision in this appeal), "the TSP loan was taken out till the Agency took an action that notified the TSP that he was in a non pay status and they were successful in ending his employment."

---

[3] The appellant also filed a response on December 9, 2011, that solely concerned issues raised in his second petition for enforcement, MSPB Docket No. PH-0752-11-0216-C-2.  *See* CRF, Tab 3.  His second petition for enforcement was separately adjudicated and denied on January 30, 2012.  Accordingly, we have not considered his December 9, 2011 response.

*Id.* Although his statements are unclear, it appears the appellant contends that the agency deliberately obstructed his efforts to reactivate repayment of his loan because it did not wish to acknowledge that it "wrongfully terminated" him.

¶6 Due to the length of time that had passed between the above submissions and the Board's consideration of them, on June 2, 2014, the Board issued an order requiring both parties to submit statements updating their positions. CRF, Tab 9 at 1. The agency stated that its December 22, 2011 submission was accurate with respect to resolving issues from the instant compliance proceeding. CRF, Tab 11 at 4. The agency also noted that it had subsequently removed the appellant and that his petition for review was pending before the Board. *Id.* The appellant did not respond either to the Board's order or to the agency's submission.

¶7 When the Board finds a personnel action unwarranted or not sustainable, it orders that the appellant be placed, as nearly as possible, in the situation he would have been in had the wrongful personnel action not occurred. *House v. Department of the Army*, 98 M.S.P.R. 530, ¶ 9 (2005). The agency bears the burden to prove its compliance with a Board order. An agency's assertions of compliance must include a clear explanation of its compliance actions supported by documentary evidence. *Vaughan v. Department of Agriculture*, 116 M.S.P.R. 319, ¶ 5 (2011). The appellant may rebut the agency's evidence of compliance by making "specific, nonconclusory, and supported assertions of continued noncompliance." *Brown v. Office of Personnel Management*, 113 M.S.P.R. 325, ¶ 5 (2010).

¶8 The agency asserted that it is in compliance, as explained above. The appellant originally objected to the agency's evidence with regard to his FEHB benefits and the reactivation of his TSP loan repayment. However, when the agency reiterated its compliance statements, the appellant failed to respond. Nor did he respond to the Board's express order instructing him to state whether his arguments remain the same since his December 22, 2011 filing, although the Board informed him that failure to respond might cause the Board to assume he

was satisfied and dismiss his petition for enforcement. *See* CRF, Tab 9 at 2. Accordingly, in view of the agency's detailed explanations and the appellant's failure to respond, we assume he is satisfied, find the agency in compliance, and dismiss the petition for enforcement.

## NOTICE TO THE APPELLANT REGARDING YOUR RIGHT TO REQUEST ATTORNEY FEES AND COSTS

You may be entitled to be paid by the agency for your reasonable attorney fees and costs. To be paid, you must meet the requirements set out at Title 5 of the United States Code (5 U.S.C.), sections 7701(g), 1221(g), or 1214(g). The regulations may be found at 5 C.F.R. §§ 1201.201, 1201.202, and 1201.203. If you believe you meet these requirements, you must file a motion for attorney fees WITHIN 60 CALENDAR DAYS OF THE DATE OF THIS DECISION. You must file your attorney fees motion with the office that issued the initial decision on your appeal.

## NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right.  It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012).  You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode/htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the court.  The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:　　　　　　　　_____
　　　　　　　　　　　　　　　William D. Spencer
　　　　　　　　　　　　　　　Clerk of the Board

Washington, D.C.